U.S. DISTRICT COURT
SO. DIST. AL.
MOBILE, AL. 36602

May 9  3 11 PM '94

FILED.CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO. 94-00061-CB |
| JANNIE ELDRIDGE | : |

### ORDER ON ARRAIGNMENT

On this date, defendant, **Jannie Eldridge**, appeared in person in open Court with **appointed counsel Domingo Soto**, and was arraigned in accordance with Rule 10, Federal Rules of Criminal Procedure. Appearing for the Government was Assistant U. S. Attorney, **Gregory Bordenkircher.**

PLEA.   The defendant entered a plea of **NOT GUILTY**.

Counsel for the defendant is requested to contact the U. S. Attorney immediately if the defendant intends to engage in plea negotiations. **If defendant decides to change this plea, the parties shall file a Notice of Intent to Plead Guilty at the pretrial conference** and the case will then be set on a plea docket.[1] If defendant wishes to enter a guilty plea before the pretrial conference, counsel for defendant is to contact the office of the undersigned Magistrate Judge to schedule a change-of-plea hearing.

TRIAL.   This case is set for trial during the criminal term beginning **July 5, 1994**. Jury selection is scheduled for **9:00 a.m. on July 5, 1994.**

---

[1] Counsel are reminded that the Sentencing Guidelines allow for an additional one point reduction in the offense level for qualifying defendants who timely assist authorities in the investigation or prosecution of the charged misconduct. U.S.S.G. 3E 1.1(b) (Nov. 1992).

DISCOVERY.

A.  **Rule 16 Discovery**.  The Government has tendered, at arraignment, all information within its custody and control that is deemed to be discoverable pursuant to Rule 16.  If the defendant requests or accepts information under Subparagraphs a(1)(C) or (D) of Rule 16, and the Government makes a request pursuant to Subparagraphs (b)(1)(A) or (B) of Rule 16, the defendant shall respond to the Government's request no later than **May 23, 1994**.

**The production of discoverable evidence and/or information is the personal responsibility of the Assistant United States Attorney assigned to this criminal action and may not be delegated without the express permission of this Court.  Discoverable documents shall be hand delivered either in open court or made available for inspection during regular business hours at the custodian's office and/or the office of the United States Attorney.**

B.  **Brady Requests**.  The Government shall respond in writing to all specific *Brady* requests, if any, no later than **three working days prior** to the pretrial conference scheduled herein.  The response shall contain, at a minimum, the following:

   (1) a statement as to whether or not the Government has within its custody and control the specific information sought;

   (2) a specific production date for all information deemed by the Government to be *Brady* material; and

   (3) a statement of all reasons for non-production of information sought that is within its custody and control, with supporting cases cited.  A copy of the information not produced shall be filed under seal for inspection by the trial Judge, if necessary.

JENCKS ACT STATEMENTS.  The Government agrees to provide defense counsel with all Jencks Act statements no later than the **day scheduled for the commencement of the trial**.

PRETRIAL MOTIONS.  All pretrial motions under Rule 12(b), Federal Rules of Criminal Procedure, and all notices or demands under Rules 12.1 and 12.2 and Local Rule 24 (entrapment), must be filed not later than **May 16, 1994**.  No pretrial motion or discovery request filed after this date will be considered unless filed with leave of Court.  The Government is ORDERED to file a written

2

response to all pretrial motions or discovery requests at or prior to the pretrial conference unless counsel for the Government is informed by counsel for defendant that a notice of intent to plead guilty will be filed at the pretrial conference or said motions or requests have been informally resolved between the parties.

PROBATION OFFICE CONFERENCE. The United States Probation Officer assigned to this case is **Jennifer Childress**. A Probation Office conference is hereby scheduled to be conducted in the office of the assigned Probation Officer on **May 24, 1994, at 2:30 p.m.**, at which time the defendant, defense counsel and counsel for the Government are **ORDERED** to meet with the Probation Officer to discuss the application of the Sentencing Guidelines. The date and time of this conference can be modified only with the consent of the Probation Officer, **but in no event will this conference be conducted within two days prior to the pretrial conference.**

PRETRIAL CONFERENCE. A pretrial conference is hereby scheduled to be conducted in the office of the undersigned Magistrate Judge on **June 13, 1994, at 2:00 p.m.** Defense counsel and counsel for the Government shall be prepared to discuss all pending motions and discovery requests, possible stipulations, estimated length of the trial, change of plea, and any other preliminary matters. The defendant may attend this conference, but his presence is not required. **Counsel who want in-custody defendants to attend must notify the Magistrate Judge within three days of the conference date so that an order to produce can be issued to the United States Marshal.** The parties are expected to give a firm commitment at the pretrial conference as to the final disposition of this case. No case will be continued except under extraordinary circumstances and only for good cause shown.

MANDATORY APPEARANCE OF COUNSEL. Counsel of record for all parties are ORDERED to appear at all future Court proceedings in this criminal case. Those attorneys who find it impossible to be in attendance (especially at the Probation conference, the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-defendant unless permitted by the Court after proper motion.

**Notice to Defense Attorneys.** This Court, by Local Rule and Standing Order, has established guidelines regarding your

representation of criminal defendants. Copies of these guidelines may be obtained from the Clerk. See Local Rule 15 and the Standing Order entered on March 29, 1991.

DONE this \_\_3rd\_\_ day of \_\_\_May\_\_\_, 19 94.

WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

Original-Clerk

Copies to:	U.S. Attorney
	Defendant
	U.S. Probation
	U.S. Marshal
	U.S. Pretrial Services