UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA : | JUL 12  9 03 AM '94 |
| versus : | CRIMINAL CASE 94-00061-CB |
| DON LEONARD SCOTT : | |

## MEMORANDUM IN SUPPORT OF SUPPLEMENTAL MOTION TO SUPPRESS AND FOR RETURN OF PROPERTY

May it please the Court:

A motion to suppress evidence in the above-referenced matter was filed with the Honorable Court. The purpose of this supplemental motion is to more particularly set forth the items sought to be suppressed and more particularly describe the bases therefore. In particular, Mr. Scott moves this Court to suppress from use at the trial in this matter statements obtained from him in violation of the Fourth and Fifth Amendments and federal statutory law as well as any evidence obtained as a result thereof. Mr. Scott further moves this Honorable Court to suppress from use at trial the substances alleged to be cocaine and any test results or other evidence relating thereto, money seized from the Denny's Restaurant and elsewhere in and around the City of Mobile, and any other items seized from the accused or his automobile, the home where the accused was an overnight guest (see Olson v. Minnesota, 110 S.Ct. 1684 (1990), and evidence and statements seized from others, all of which followed and were related to the violation of his rights.

It would be undisputed that Mr. Scott was seized prior to the acquisition of any of the evidence sought be suppressed in this motion. The initial encounter with the police and FBI involved several marked and unmarked cars containing a number of

uniformed and non-uniformed law enforcement personnel. Mr. Scott was immediately handcuffed and not free to leave or otherwise break off the encounter. Under these circumstances, it is clear that the conduct involving Mr. Scott resulted in an arrest. See Florida v. Bostick, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) and Rawlings v. Kentucky, 448 U.S. 98. At the time of Mr. Scott's arrest, there was no probable cause to believe that he was in any way connected with the violations of any state, federal or local laws. Therefore, evidence seized as a result of this unlawful arrest should be excluded from the trial in this matter. See Weeks v. United States, 232 U.S. 383 (1914) and James v. Illinois, 110 S.Ct. 648 (1990).

In addition, the government has provided notice to Mr. Scott that it intends to introduce a statement allegedly made by Mr. Scott to FBI and other law enforcement personnel. This statement was the fruit of Mr. Scott's unlawful arrest and is therefore inadmissible. James v. United States, supra. In addition, the statement was obtained in violation of Mr. Scott's Fifth Amendment rights against self-incrimination. At the time that the statement was given, Mr. Scott was being questioned by at least two officers. He was over five hundred miles away from home, he had made several requests to be released, had impermissible promises made to him, had requested to make a phone call but had been denied, had requested a lawyer on several occasions to no avail, and otherwise had his will overborne by the coerciveness of the circumstances of his interrogation. See Bram v. United States, 168 U.S. 532 (1897); Brown v. Mississippi, 297 U.S. 278 (1936); Rogers v. Richmond, 365 U.S. 530 (1961); Mincey v. Arizona, 437 U.S. 385 (1978). As a result, that statement and any

2

derivative evidence may not be used at the trial in this matter.

In addition to the violation of the Fifth Amendment, the above-described circumstances resulted in Mr. Scott's statement being given in violation of Miranda v. Arizona, 384 U.S. 436 (1966). This violation provides an independent basis for the exclusion of the statement. In particular, Miranda was violated when Mr. Scott requested to remain silent but that request was not scrupulously honored. Michigan v. Mosley, 423 U.S. 96 (1975); Edwards v. Arizona, 451 U.S. 477 (1981); Arizona v. Roberson, 108 S. Ct. (1988); Minnick v. Mississippi, 498 U.S. 146 (1990). In addition, as Mr. Scott requested the assistance of counsel, and not only did the police reinitiate but really never terminated contact. Therefore, any alleged waiver of Miranda rights would not have been effective. See Michigan v. Mosley, 423 U.S. 96 (1975); Edwards v. Arizona, supra; Michigan v. Jackson, 475 U.S. 625 (1986).

At the time of Mr. Scott's arrest, his automobile was several miles away. At the time, the police had no probable cause to believe that any evidence, fruits or instrumentalities of a crime or contraband would be found in the automobile. Further, if the police had probable cause, nothing prevented the acquisition of a warrant to search this automobile. Despite the well-recognized automobile exception, Carroll v. United States, 267 U.S. 132 (1925); Chambers v. Maroney, 399 U.S. 42 (1970); Coolidge v. New Hampshire, 403 U.S. 443 (1971); California v. Acevedo, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), under the circumstances, this search was not permissible.

The substances alleged to be cocaine and any test results or other evidence

3

relating thereto, money seized from the Denny's Restaurant and elsewhere in and around the City of Mobile, and any other items seized from the accused or his automobile, and evidence and statements seized from others were either directly or indirectly following and related to the foregoing violations of Mr. Scott's rights. As such, they are inadmissible in his trial.

In addition, and in more particularity, Mr. Scott understands that the government intends to introduce certain evidence seized from the home where the accused was an overnight guest. For these same reasons, that evidence is inadmissible. In addition, since Mr. Scott was an overnight guest in this home, he has standing in his own right to object to the unlawful search of that home. See Olson v. Minnesota, 110 S.Ct. 1684 (1990). The government will contend that this search was consented to and therefore legal. Schneckcloth v. Bustamonte, 412 U.S. 218 (1973). However, the police conduct in this case, including using undue duress upon the home owner, vitiated her consent, thereby invalidating her consent. Bumper v. North Carolina, 391 U.S. 543 (1968).

A hearing at which the accused is allowed to establish the foregoing facts is necessary. Undersigned understands that it is sometimes the practice of this Court to reserve hearings on motions to suppress until the morning of trial. Undersigned anticipates that there will be substantial testimony at this motion to suppress and that it would last at least one-half day and possibly as much as a day. The interest of justice and judicial efficiency would not be served by waiting until the day of trial to hold the hearing on the motion to suppress.

relating thereto, money seized from the Denny's Restaurant and elsewhere in and around the City of Mobile, and any other items seized from the accused or his automobile, and evidence and statements seized from others were either directly or indirectly following and related to the foregoing violations of Mr. Scott's rights. As such, they are inadmissible in his trial.

In addition, and in more particularity, Mr. Scott understands that the government intends to introduce certain evidence seized from the home where the accused was an overnight guest. For these same reasons, that evidence is inadmissible. In addition, since Mr. Scott was an overnight guest in this home, he has standing in his own right to object to the unlawful search of that home. See Olson v. Minnesota, 110 S.Ct. 1684 (1990). The government will contend that this search was consented to and therefore legal. Schneckcloth v. Bustamonte, 412 U.S. 218 (1973). However, the police conduct in this case, including using undue duress upon the home owner, vitiated her consent, thereby invalidating her consent. Bumper v. North Carolina, 391 U.S. 543 (1968).

A hearing at which the accused is allowed to establish the foregoing facts is necessary. Undersigned understands that it is sometimes the practice of this Court to reserve hearings on motions to suppress until the morning of trial. Undersigned anticipates that there will be substantial testimony at this motion to suppress and that it would last at least one-half day and possibly as much as a day. The interest of justice and judicial efficiency would not be served by waiting until the day of trial to hold the hearing on the motion to suppress.

Wherefore, the accused, Don Leonard Scott, moves this Honorable Court for an Order setting his motion to suppress for hearing on a day in advance of the trial in this matter where the government would be compelled to show cause why the evidence listed herein should not be suppressed from use at the trial and why such items which belong to Mr. Scott should not be returned to him.

                Respectfully submitted:

                Jacqueline Phillips
                Attorney at Law
                623 Main Street
                Baton Rouge, Louisiana 70802
                (504) 344-7370

                and

                Simien & Simien, L.L.C.
                Attorneys and Counselors at Law
                8110 Summa Avenue, Suite 100
                Baton Rouge, Louisiana 70809
                (504) 769-8422

By:    Eulis Simien, Jr.
         Bar Roll No. 12077