UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| versus | : CRIMINAL CASE 94-00061-CB |
| | : |
| DON LEONARD SCOTT | : |

### MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER DENIAL OF HEARING ON MOTION TO SUPPRESS PHYSICAL EVIDENCE

May it please the Court:

A motion to suppress evidence in the above-referenced matter was filed with the Honorable Court. The Court granted a hearing on the motion to suppress the confession of the accused. However, finding that there was not a sufficient allegation of facts to warrant a hearing on the motion as it related to physical evidence, the Court denied a hearing and denied that portion of the motion. Under the facts and circumstances of the instant case, this denial was erroneous and would have the effect of eviscerating the Fourth Amendment.

As the record in this matter reflects, the arrest of the accused was without a warrant. Therefore, there was no affidavit which could be reviewed by counsel for the accused and from which more specific facts could be determined as to the basis for this arrest. Under these circumstances, the government bears the burden of proving that the arrest was justified by probable cause. To deny a hearing at this case would be to say that simply because an arrest took place it must be presumed that there was probable cause. That is simply not the law. Of course, if the government cannot bear its burden of proving probable cause, any evidence derived from Mr. Scott's arrest should be excluded. See James v. Illinois, 110 S.Ct. 648

(1990); Rawlings v. Kentucky, 448 U.S. 98; Weeks v. United States, 232 U.S. 383 (1914).

The same is true of the search of Mr. Scott's automobile, which was several miles away. The police must prove that they had probable cause to search the automobile. Absent such a showing, no evidence obtained from that automobile could be used at the trial of the accused. See Carroll v. United States, 267 U.S. 132 (1925); Chambers v. Maroney, 399 U.S. 42 (1970); Coolidge v. New Hampshire, 403 U.S. 443 (1971); California v. Acevedo, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991).

Should the government not be able to meet its burden as set forth above, the substances alleged to be cocaine and any test results or other evidence relating thereto, money seized from the Denny's Restaurant and elsewhere in and around the City of Mobile, and any other items seized from the accused or his automobile, and evidence and statements seized from others were either directly or indirectly following and related to the foregoing violations of Mr. Scott's rights would not be admissible. It is not sufficient for the government to allege that it was justified and require the accused to show that it was not. Under the presumptions inherent in our system, it is presumed that he is innocent and ignorant of the facts upon which the charge is based, is or should be in possession of the facts. Cf., United States v. Spar Knitting Mills, Inc., 187 F.Supp. 653, 654 (S.D.N.Y. 1960); United States v. Tanner, 279 F.Supp. 457, 474 n. 13 (D.Ill. 1967). Therefore to say to him that he must be more specific in his allegations to even have his Fourth Amendment claim heard is to deny him the Fourth Amendment rights altogether.

In addition, the government would bear the burden of proving the propriety of the various searches. The Constitution prohibits unreasonable searches and searches without a warrant are presumptively unreasonable. Segura v. United States, 468 U.S. 796 (1984); United States v. Shima, 545 F.2d 1026, 1028 (5th Cir. 1977); and United States v. Maxwell, 738 F.Supp. 1043 (S.D. Tex. 1990). As such, without a hearing to test the sufficiency of the government's justification to search, this presumption is flipped around.[1]

Respectfully submitted:

Jacqueline Phillips
Attorney at Law
623 Main Street
Baton Rouge, Louisiana 70802
(504) 344-7370

and

Simien & Simien, L.L.C.
Attorneys and Counselors at Law
8110 Summa Avenue, Suite 100
Baton Rouge, Louisiana 70809
(504) 769-8422

By: Eulis Simien, Jr.
Bar Roll No. 12077

---

[1] Even as to the search of Ms. Johnson's home, Mr. Scott, as an overnight guest, has standing to object to the propriety of the search. See Olson v. Minnesota, 110 S.Ct. 1684 (1990).