## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA      :

     :

**versus**      :     **CRIMINAL CASE 94-00061-CB**

     :

**DON LEONARD SCOTT**      :

U.S. DISTRICT COURT
SO. DIST. AL.
MOBILE, AL. 36602

Aug 1  2 55 PM '94

FILED
CLERK

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PROSECUTION AS A DOUBLE JEOPARDY VIOLATION

May it please the Court:

In the instant case, the accused, Don Leonard Scott, cannot be prosecuted for the offenses charged in the indictment. Those offenses arise out of the same facts and for the same offense which gave rise to the forfeiture of his automobile to the Mobile City Police Department in May of this year. As that forfeiture constitutes jeopardy, he cannot be now again placed in jeopardy.

Forfeiture as Jeopardy

In United States v. Halper, 490 U.S. 435 (1989), the United States Supreme Court held that to the extent a civil penalty was punitive in nature it could not be applied following a criminal prosecution. The Court, in so ruling, relied upon the Fifth Amendment prohibition against multiple punishments.[2] It is irrelevant whether the "civil" punishment or the traditional criminal punishment comes first. Whichever comes first, bars the other.[3] As noted by the Court in United States v. Sanchez-

---

[2] See also Montana v. Kurth, _____ U.S. _____ (1994) (Supreme Court struck down a drug tax as a violation of the double jeopardy protections of the Fifth Amendment if it came after the criminal conviction).

[3] See Simien, Criminal Law and Procedure: 1991-92 in Review, 53 La.L.Rev. 771 (1993).

Escareno, 950 F.2d 193 (5th Cir. 1991), if a civil punishment is imposed prior to a criminal trial, that civil punishment is a double jeopardy bar to the subsequent prosecution.[4]

Halper did not directly address the issue of double jeopardy and forfeiture. However, subsequent cases have made its applicability clear. In Austin v. United States, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the United States Supreme Court addressed the issue of whether a civil forfeiture could be excessive punishment for the purposes of the Eighth Amendment prohibition against excessive fines. The Court recognized that some provisions of the Bill of Rights are limited to "criminal trials", but that the Eighth Amendment (like the double jeopardy protections) are applicable to "punishment". Therefore, the Court reasoned that some of the trial rights cases (i.e., Kennedy v. Mendoza-Martinez, 372 U.S. 242 (1963)), were not applicable to the analysis of whether a forfeiture was "punishment".

In addressing the very issue involved here, the Court stated:

"The Double Jeopardy Clause has been held not to apply in civil forfeiture proceedings, but only in cases where the forfeiture could properly be characterized as remedial. See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 364 (1984); One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 237, 34 L. Ed. 2d 438, 93 S. Ct. 489 (1972); see generally United States v. Halper, 490 U.S. 435, 446-449, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989) (Double Jeopardy Clause prohibits second sanction that may not fairly be characterized as remedial).

. . .

---

[4]Unlike the instant case, there was no punishment that had yet been exacted in the Sanchez-Escareno case.

"'The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law.' United States v. Halper, 490 U.S. 435, 447-448, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989). 'It is commonly understood that civil proceedings may advance punitive and remedial goals, and, conversely, that both punitive and remedial goals may be served by criminal penalties.' Id., at 447.   See also United States ex rel. Marcus v. Hess, 317 U.S. 537, 554, 87 L. Ed. 443, 63 S. Ct. 379 (1943) (Frankfurter, J., concurring). Thus, the question is not, as the United States would have it, whether forfeiture under §§ 881(a)(4) and (a)(7) is civil or criminal, but rather whether it is punishment.

. . .

"In considering this question, we are mindful of the fact that sanctions frequently serve more than one purpose. We need not [*16]   exclude the possibility that a forfeiture serves remedial purposes to conclude that it is subject to the limitations of the Excessive Fines Clause. We, however, must determine that it can only be explained as serving in part to punish. We said in Halper that 'a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term.' 490 U.S., at 448."

125 L.Ed.2d at 497-498.

As is apparent from this discussion, the Court relied heavily in Austin upon the analysis in Halper.  This reliance is due to the fact that the relevant inquiry is the same -- "Does the forfeiture constitute punishment?".  The Court gave an unequivocal yes affirmative answer to this question and so ruled even if the forfeiture serves both remedial and punitive functions.  As the Court stated:

"Fundamentally, even assuming that §§ 881(a)(4) and (a)(7) serve some remedial purpose, the Government's argument must fail. '[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only  [*37]  be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term.' Halper, 490 U.S., at 448 (emphasis added). In light of the historical understanding of forfeiture as punishment, the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence

3

> that Congress understood those provisions as serving to deter and to punish, we cannot conclude that forfeiture under §§ 881(a)(4) and (a)(7) serves solely a remedial purpose.  We therefore conclude that forfeiture under these provisions constitutes 'payment to a sovereign as punishment for some offense,' Browning-Ferris, 492 U.S., at 265, and, as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause."

125 L.Ed.2d at 505.

Were the Punishments Imposed by Separate Sovereigns

The fact that the forfeiture was imposed by the Mobile City Police does not defeat the double jeopardy claim.  United States v. Wheeler, 435 U.S. 313 (1978) held that two separate sovereigns may both punish for the same offense.  However, in Bartkus v. Illinois, 359 U.S. 121, 79 S. Ct. 676, 3 L.Ed.2d 684 (1959) the Supreme Court observed that such a conclusion might result where there had been federal-state cooperation on a prosecution if the cooperation were so extensive that the state court system was merely a tool for the federal government. 359 U.S. at 123-24, 79 S. Ct. at 678.  See also United States v. Martin, 574 F.2d 1359 (1978).  In this case, this arrest and prosecution arose out of a joint task force operation between the Mobile City Police and the FBI.  The forfeiture was to the Mobile Police but only after it was witnessed by an FBI agent.

For the foregoing reasons, this matter should be dismissed as a violation of the double jeopardy protections of the Constitution.

Respectfully submitted:

Jacqueline Phillips
Attorney at Law
623 Main Street
Baton Rouge, Louisiana 70802
(504) 344-7370

       and

Simien & Simien, L.L.C.
Attorneys and Counselors at Law
8110 Summa Avenue, Suite 100
Baton Rouge, Louisiana 70809
(504) 769-8422

By:  / Eulis Simien, Jr.
     Bar Roll No. 12077

Certificate and Verification

Undersigned verifies that the statements made in the foregoing motion and memorandum in support thereof are true and correct to the best of his information knowledge and belief and certifies that he has this date served a copy of the foregoing motion and memorandum in support thereof on the United States Attorney's Office for the Southern District of Alabama by mailing a copy of the same in a properly addressed postage pre-paid envelope.

Done this 1st day of August, 1994 at Baton Rouge, Louisiana.

Eulis Simien, Jr.

Sworn to and subscribed before me, undersigned notary, on this 1st day of August, 1994 at ~~Baton Rouge, Louisiana.~~ Mobile Alama

Notary

My Commission Expires 4/8/97

6