U.S. DISTRICT COURT
SO. DIST. AL.
MOBILE, AL. 36602

Oct 6  11 17 AM '94

FILED
CLERK'S OFFICE

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VERSUS** | : | **CRIMINAL CASE 94-00061-CB** |
| | : | |
| **DON LEONARD SCOTT** | : | |

### POSITION OF DEFENDANT WITH
### RESPECT TO SENTENCING FACTORS

NOW INTO COURT, through undersigned counsel, comes defendant, Don Leonard Scott, who, in accordance with the standing order of this court dated December 11, 1990, files herein his response to the presentence report prepared by the United States Probation Office. The defendant sets forth the following objections to the presentence report:

1. Defendant objects to paragraph 14 of the presentence report. Defendant should be awarded the points for acceptance of responsibility. The probation officer concedes that Mr. Scott made voluntary, candid admissions to the investigating officers. The probation officer, however, concludes that no acceptance of responsibility should be awarded. First, he states that the filing of the motion to suppress this confession prevents a finding of acceptance of responsibility. It is clear that the sentencing guidelines do not contemplate, nor would the Constitution allow, Mr. Scott to be denied the benefits of acceptance of responsibility because upon the advise on counsel he attempted to exercise his constitutional rights in a motion to suppress. In addition, the probation officer asserts that Mr. Scott's subsequent denial of his involvement to officials at Louisiana State University Law Center, prevents a finding of acceptance of responsibility. Even assuming this factual allegation to be correct, Mr. Scott's denial outside of the context of this criminal preceding is not relevant to the issue of whether he accepted responsibility. Finally, the probation officer contends that if Mr. Scott is awarded points for acceptance of responsibility, he should be limited to two points. The basis for the probation officer's contention is that Mr. Scott did not timely enter a plea as no notice of

intent to plead was entered as of the date of the pretrial in this matter. However, under the facts and circumstances of this case, it was not feasible and practical to have entered a plea at that time. In fact, as has been discussed by counsel for defendant with both the Magistrate and the United States Attorney's Office, there was concern about the fact Mr. Scott would lose eligibility for the additional point for timely acceptance. However, as has been discussed, in light of the pending motion to suppress, which may have been dispositive of the issues in this matter, Mr. Scott was not in a position to enter a plea prior to the ruling by this Court on this motion to suppress. Within twenty-six hours of the ruling on that motion suppressed, Mr. Scott provided notice to the United States Attorney's Office that he intended to enter a plea. The only reason that no notice was provided to the Court was that at the time this information was communicated to United States Attorney's Office, it was after hours and this Court was not available. Further, within twenty-four hours of providing this notice to the United States Attorney's Office, Mr. Scott signed a plea agreement with that office. Therefore, under the facts and circumstances of this case, it would not be appropriate to deny Mr. Scott an additional one point deduction for timely acceptance of responsibility.[1]

2. Defendant objects to paragraph 16 of the presentence report. Although defendant concedes that U.S.S.G. Section 2 D1.1 of the guidelines provide that the base level for the offense for which defendant entered a no contest plea is 34, that offense level should not be applied. In light of the disparity in guidelines ranges for defendants charged with offenses involving crack cocaine and other forms of cocaine, the imposition of the guidelines range of 34 violates due process and equal protection requirements. This is particularly true in light of the fact that crack cocaine use and convictions are more prevalent in the black community.

3. Defendant objects to paragraph 19 in the presentence report. In that paragraph, the

---

[1] The allegations of a false statement about ROTC involvement are discussed in Objection # 6.

probation officer recommends an addition of two points because he finds that the defendant was an organizer, leader, manager, or supervisor. This conclusion is simply not supported by the facts in this matter. As was testified to by Jannie Eldridge, Mr. Scott was a novice at this type of activity. As a result, she recruited him into this activity, directed him as to where, when and how meetings were to take place, directed him as to the distribution of the cocaine, never allowed him to actually meet with any of the other parties involved, and generally ran the entire operation, with Mr. Scott being more of a "mule" in this case.

4. Defendant objects to Paragraphs 29 and 30 of the presentence report. The only involvement Mr. Scott had with the worthless checks that were involved in the criminal charges discussed in these paragraphs was that the checks were written on his account. However, the checks were not written by him but by his ex-wife. In light of the minor amount involved and fact that Mr. Scott made restitution upon these checks, he did not contest the conviction in that matter.

5. Defendant objects to Paragraph 42 of the presentence report. In that paragraph, the probation officer indicates that the defendant reportedly lied to the local press. Although Mr. Scott made certain comments to the press that were disputed by the Louisiana State University Law Center, those comments fell within his opinion as to the circumstances surrounding the disciplinary action taken against him. Therefore, his comments would not have constituted a lie but would have merely been his assessment of the manner in which the school was preceding. Further, the defendant disputes that he ever admitted lying to the press. Instead, what was told to the chancellor of the law center was that his statements were made at a time when he was angry and that he would not repeat them. Finally, the probation officer's allegations that Mr. Scott repeated these lies to the press is not supported by the facts. Because there was some question as to whether Mr. Scott had again spoken to the press, this counsel spoke with the reporter involved in this matter. That reporter

confirmed to undersigned that Mr. Scott had only one conversation with him and that the second story in the newspaper was based solely upon the information that was obtained from Mr. Scott at the first interview and upon a comment made by the attorney then representing Mr. Scott.

6. Defendant objects to Paragraph 44 of the presentence report. The probation officer makes reference to inaccurate information provided at the presentence interview Mr. Scott was not officially involved with the ROTC at Texas A&M University. However, this misunderstanding was not based upon an intentional or calculated misrepresentation of the truth by Mr. Scott. Instead, it is based upon a passing reference in the presentence interview. At some point during the interview, a comment was made that involved a ROTC term. Mr. Scott indicated that he was familiar with that term and the probation officer then responded by saying "Were you in the corps?" Mr. Scott's response was in the infirmative. Although Mr. Scott was not officially enrolled in the ROTC program, he did drill with the ROTC at Texas A&M and considered himself a participant. Due to the fact that Mr. Scott had already obtained military experience, he had not actually joined the corps but merely drilled with it. Under these circumstances, he felt his response was truthful.

7. Defendant objects to Paragraph 53 of the presentence report. That paragraph contains a report of information which is wholly extraneous and not relevant to sentencing considerations in this matter. Therefore, this information should be stricken from the presentence report. George Martin has agreed to provide counsel for the defendant with a copy of the rest of defendant's military record. In that way, if the information contained in Paragraph 53 is to be considered by this Court, the defendant could provide this Court with other portions of the record that may be just as relevant.

8. Defendant objects to Paragraph 61 of the presentence report. In light of the forgoing objections, defendant maintains that the guidelines calculation of his sentence range is

incorrect.

9.  Defendant objects to Paragraph 69 of the presentence report.  In light of the forgoing, defendant objects to the calculation of the fine range in this case.

10.  Defendant further proffers that there are substantial reasons for a downward departure in this case.  First, as defendant has provided assistance to the United States Attorney's Office, he anticipates that the government will file a Section 5K.1.1 motion for downward departure.  Further, equity and equal protection require a substantial downward departure in this case.  Jannie Eldridge, who received a 30 month sentence, was the ringleader, recruited Mr. Scott, and ran all of the activity.  As this Court is aware, not only was Ms. Eldridge the ringleader in this case, she had a very substantial drug related history.  Mr. Scott has no prior criminal record of any significance and to impose a sentence equal to or in excess of that imposed upon Ms. Eldridge would be a violation of Mr. Scott's rights under the sentencing guidelines, and the equal protection and due process clauses of the United Constitution.

Undersigned certifies that he has conferred with George Martin, the assistant United States Attorney handling this matter.  Despite effort by counsel, no agreement could be reached on the foregoing objections.

Respectfully submitted:

Jacqueline Phillips
Attorney at Law
1623 Main Street
Baton Rouge, Louisiana 70802
(504) 344-7370

and

Eulis Simien, Jr.
Simien & Simien, L.L.C.
Attorneys and Counselors at Law
8110 Summa Avenue, Suite 100
Baton Rouge, Louisiana 70809
(504) 769-8422

By: Eulis Simien, Jr.  Bar Roll #12077

## CERTIFICATE

Undersigned certifies that he has this date served a copy of the foregoing on all counsel of record by placing a copy of the same in a properly addressed, postage prepaid envelope in the United States First Class Mail.

Done on this date, October 3, 1994, at Baton Rouge, Louisiana.

Eulis Simien, Jr.